1004

## FORD v. MALONEY.
### Civil Action No. 2889.

District Court, D. Oregon.

June 28, 1946.

Hampson, Koerner, Young & Swett, of Portland, Or. (Herbert L. Swett and Vernon J. Veron, both of Portland, Or., of counsel), for plaintiff.

Victor E. Harr, Asst. U. S. Atty., of Portland, Or., and Thomas R. Winter, Sp., Asst. to Chief Counsel, Bureau of Internal Revenue, of Seattle, Wash., for defendant.

McCOLLOCH, District Judge.

Whether the correct interpretation of the recent Supreme Court decisions is that the parties must "really and truly" intend to engage in a partnership, as argued by plaintiff, or that there must be present certain ingredients, such as contribution by the wife of substantial capital or vital services, as contended by the Government, I feel that recovery is in order here.

Some of the things that impress me in the case are the relatively small amount of capital required and available from all sources, the simplicity and conservatism of the operation; there were no debts—unheard of in the lumber business; the ages and maturity of the parties; and, I think most of all, the fact that during all of the war, the husband did not ask for a deferment, thus leaving himself open to being drafted at any time.

How can the good faith of the parties be challenged in face of this conduct; how can there be doubt that both parties had confidence in the wife's ability to continue the business successfully during the husband's absence or in the event of his death or disability?

### Findings of Fact.

I. This action is brought and the jurisdiction of this Court is invoked by plaintiff under Paragraph 5 of Section 24 of the Act of March 3, 1911, 36 Stat. 1092, as amended (28 U.S.C.A., Sec. 41, subsection 5) to recover moneys illegally, excessively and erroneously assessed as income taxes and collected from plaintiff by defendant as Collector of Internal Revenue for the District of Oregon for the calendar year 1941.

II. Plaintiff, Kenneth W. Ford, is a citizen of the United States, residing at Roseburg, Oregon. During all times herein concerned defendant, J. W. Maloney, was and is the duly appointed, qualified and acting Collector of Internal Revenue for the District of Oregon.

III. A written partnership agreement was entered into, dated October 10, 1941, by its terms effective October 1, 1941, between Plaintiff and his wife, Hallie E. Ford. Pursuant to said agreement plaintiff transferred, sold and delivered to Hallie E. Ford a fifty per cent (50%) interest in and to the business formerly conducted by the plaintiff under the name of Roseburg Lumber Company at Roseburg, Oregon, which consisted of a logging and lumber manufacturing business and pursuant to said agreement the assets of said business were thereupon transferred to the said partnership which was on and after October 1, 1941, operated by the parties thereto as partners, sharing the profits and losses equally after paying plaintiff for his personal services a salary of twenty-five per cent (25%) of the net profits of the business.

IV. Plaintiff was required to, and did, under oath on Form 1040 prescribed by the Commissioner of Internal Revenue, file his individual income tax return for the

calendar year 1941 with the defendant as Collector of Internal Revenue at Portland, Oregon.

V. The individual income tax return filed by the plaintiff for the year 1941 was prepared on the accrual basis and disclosed a net income of $81,225.84 and a tax due thereon of $39,699.13, which was fully paid in the following instalments:

$9,924.79 paid to the Collector on March 28, 1942;

$9,924.78 paid to the Collector on June 23, 1942;

$9,924.78 paid to the Collector on August 29, 1942;

$9,924.78 paid to the Collector on December 17, 1942.

VI. The said partnership known as Roseburg Lumber Company reported its partnership income for Federal income tax purposes on a stated fiscal year basis, its first fiscal year ending September 30, 1942. Plaintiff properly did not include in his individual 1941 income tax return any part of the income and profits of the business of the Roseburg Lumber Company for the period of October 1, 1941, through December 31, 1941, since none of such profits was reportable in 1941 because the first fiscal year of the partnership ended September 30, 1942.

VII. After the plaintiff's income tax return for the calendar year 1941 was filed, the Commissioner of Internal Revenue caused same to be audited. Thereupon the Commissioner of Internal Revenue, by deficiency letter dated February 19, 1943, adjusted the amount of gross and net income reported in plaintiff's said return. The Commissioner thereby determined that plaintiff was subject to an additional income tax for the calendar year 1941 in the amount of the claimed deficiency of $27,851.22. Such deficiency was computed by the Commissioner by disallowing as expense certain items deemed to be capital expenses, aggregating $2,214.17, by including as additional income the sum of $43,542.40 as income of the said business of Roseburg Lumber Company for the period October 1, 1941, to December 31, 1941, and by allowing additional deduction for taxes in the amount of $658.03 and depreciation in the amount of $4,252.87, or a total adjustment of net income in the amount of $40,845.67 in addition to the net income of $81,225.84 originally reported by plaintiff on his said return.

VIII. The sum of $32,028.96 of said net adjustment of $40,845.67 comprised the entire net income of the partnership known as Roseburg Lumber Company for the period October 1, 1941, through December 31, 1941.

IX. Thereupon, pursuant to said deficiency letter, the Commissioner of Internal Revenue assessed plaintiff in the additional amount of said alleged deficiency of $27,851.22, or a total assessment for Federal income taxes for the year (including self-assessment based on the income tax return as filed) of $67,550.35. Plaintiff paid to defendant the entire amount of said assessment of $67,550.35, to to-wit: the sum of $39,669.13 in equal quarterly instalments as set forth in Paragraph V above, and the sum of $27,851.22 on July 21, 1943. In addition, on July 21, 1943, plaintiff paid to defendant accrued interest to said date on the said sum of $27,851.22, the interest so paid being $2,198.72.

X. Plaintiff conceded that, of the sum of $27,851.22 additional tax assessed and paid, the sum of $5,891.02 was duly and legally assessed and collected and that interest thereon to July 21, 1943, accruing in the amount of $650.67, being part of the interest paid as above on the last mentioned date in the amount of $2,198.72, was also legally assessed and collected.

XI. On January 11, 1944, plaintiff duly filed a claim for the refund of said $21,960.20, plus said $1,548.05, plus interest on both of said sums from July 17, 1943, as provided by the Internal Revenue Code and Regulations promulgated thereunder. More than six months elapsed from the filing of such claim to the date of filing of the present action, and no notice of allowance or disallowance was received from the Commissioner during such period. After the commencement of this action, however, and by letters dated August 20, 1945, and November 28, 1945, the Commissioner disallowed the said claim for refund and advised the plaintiff of the reasons therefor.

XII. As provided in and pursuant to said partnership agreement dated October 10, 1941 (which was the sole agreement between the parties covering the partnership operation from and after October 1, 1941), plaintiff and Hallie E. Ford entered into and carried on and conducted a partnership for the ownership and operation of Roseburg Lumber Company for the period, October 1, 1941, through December 31, 1941, and thereafter. This partnership, in form and in substance, owned and operated the business known as Roseburg Lumber Company for the period October 1, 1941, to October 1, 1942, and such persons were for said period "partners" as defined in 26 U.S.C.A., Sec. 3797 (a) (2).

XIII. Said business known as Roseburg Lumber Company was founded and established in 1935, and was thereafter to the date of the written partnership agreement continuously carried on by plaintiff and Hallie E. Ford, in the name of plaintiff, subject to oral agreement between such persons made at inception of the business and in effect continuously thereafter, that such business was and should be at all times owned by said persons jointly; both of such persons contributed capital to the business at its inception, and thereafter, which was intended to, and did remain in the business as invested capital thereof, to the date of the written partnership agreement and all later times herein concerned; both of said persons continuously from inception of the business through October 1, 1942, shared in the conduct and operation and management and control of the business and performed vital services thereto and therefor.

XIV. The formation and carrying on of the said partnership of plaintiff and Hallie E. Ford was motivated primarily and substantially for legitimate business reasons and purposes; owing to the hazardous nature of the work performed by plaintiff as general manager of the business, and the possibility of his being incapacitated or dying, or being drafted into the armed services of the United States, thereby being unable to continue to perform such duties of general manager, it was jointly agreed by and between plaintiff and Hallie E. Ford prior to and at the date of said written partnership agreement that it was necessary and desirable that Hallie E. Ford be recognized and established as a partner in the business, to the reasonable end that she be trained to assume plaintiff's functions as general manager of the business in event of his being unable to continue as such, and that she be recognized by all persons with whom business might be transacted as a full and active partner, able to carry on the business in event of plaintiff's absence, and thereby avoiding risk of liquidation of the business; in fact, such results were duly accomplished so that in the event plaintiff had been or should be prevented for any cause from continuing as general manager of the business, the partnership was nevertheless in a position to continue active business under the supervision of Hallie E. Ford.

XV. Plaintiff did not during the period October 1, 1941 to October 1, 1942, or any other period, have the power, privilege or right to acquire or control the economic interest of Hallie E. Ford in said Roseburg Lumber Company, or any part thereof, or the income, earnings and profits derived therefrom.

XVI. Plaintiff did not receive, actually or constructively, any net income of the business known as Roseburg Lumber Company for the period of October 1, 1941, through December 31, 1941, within the meaning of the Internal Revenue Code; plaintiff was not the owner of said net income, or any thereof, within the meaning of 26 U.S.C.A., Secs. 11, 12 and 22, or otherwise.

XVII. Plaintiff was fully and adequately compensated for his personal services rendered to the business of the Roseburg Lumber Company by the arrangement set forth in the partnership agreement, under which he was entitled to twenty-five per cent (25%) of the net profits of the partnership for each fiscal year prior to equal division of the remaining profits by the partners.

XVIII. The business of Roseburg Lumber Company for the period October 1, 1941 through December 31, 1941, and for the period October 1, 1941 through September 30, 1942, was not a predomi-

nantly personal service business but was a business in which capital was a substantial factor in contributing to the earnings thereof.

XIX. Hallie E. Ford, wife of plaintiff, invested capital originating with her to the extent of her partnership interest and substantially contributed to the control and management of the business and performed vital services to and for said partnership, and during all times herein concerned was an active partner in said business, and shared in the management and control thereof.

XX. The parties really and truly intended to join together for the purpose of carrying on the business of Roseburg Lumber Company and sharing the profits or losses, or both, and actually did join together for the aforesaid purposes and the agreement of the parties was as expressed in the written agreement of partnership dated October 10, 1941, effective October 1, 1941.

XXI. The partnership was in substance and reality a bona fide partnership, the income of which is divisible for tax purposes between the plaintiff and Hallie E. Ford, his wife.

From the foregoing findings of fact, the Court has reached and does make the following,

Conclusions of Law

I. The income of the business of Roseburg Lumber Company for the period from October 1, 1941, through December 31, 1941, for Federal income tax purposes was the income of a partnership as defined in 26 U.S.C.A., Sec. 3797 (a) (2), consisting of plaintiff and Hallie E. Ford, his wife.

II. The said partnership was formed and was carried on during such period for proper and legitimate business purposes.

III. None of the income of the said business for the period October 1, 1941, through December 31, 1941, is taxable to plaintiff under 26 U.S.C.A., Secs. 11, 12, 22, 42, or any other sections.

IV. The amount of $21,960.20 and interest of $1,548.05 (totaling $23,508.25) paid to defendant by plaintiff on July 21, 1943, was exacted and collected erroneously and illegally from the plaintiff, Kenneth W. Ford, by the defendant and the said plaintiff is entitled to a judgment for the amount of $23,508.25 with interest from July 21, 1943 computed under the provisions of 28 U.S.C.A., Sec. 284 (B) and costs and disbursements.